**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEE FRANK ADAMS,

    Plaintiff,

v.                                                   Case No. 3:14-cv-655-J-32JRK

WARDEN CHRIS LANDRUM, et al.,

    Defendants.

**ORDER**

    Plaintiff is an inmate who is temporarily incarcerated at Santa Rosa Correctional Institution. He initiated this case by filing a letter (Doc. #1) requesting injunctive relief. Specifically, he seeks an order enjoining the Secretary of the Florida Department of Corrections from returning him to Suwannee Correctional Institution because officers at that institution have threatened to harm him. The Court previously entered an Order (Doc. #2) taking the request for injunctive relief under advisement and directing the Clerk to immediately send a copy of Plaintiff's letter and the Order to the Inspector General for the Florida Department of Corrections for whatever action may be deemed appropriate in light of Plaintiff's allegations.

    As an initial matter, Plaintiff's request for injunctive relief is due to be denied because Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rule 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ.

P. 65(c). Additionally, he did not prepare a proposed form of temporary restraining order and/or preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Moreover, upon review of the record, Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (footnote omitted). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff has not met his burden of persuasion as to these four prerequisites for injunctive relief. Thus, Plaintiff's request for injunctive relief (Doc. #1) will be denied.

Additionally, to the extent that Plaintiff may be attempting to raise claims regarding the conditions of his confinement, he has failed to file a complaint and he has failed to either

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

request to proceed as a pauper or pay the $400.00 filing fee. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he so desires.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's request for injunctive relief (Doc. #1) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice.

4. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case, Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" **or** pay the $400.00 filing fee.

5. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of June, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 6/16
c:
Lee Frank Adams